UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHELE HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:12-CV-0436-G |
| DALLAS COUNTY HOSPITAL ) | |
| DISTRICT d/b/a PARKLAND HEALTH ) | |
| & HOSPITAL SYSTEM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's Local Rule 15.1 motion for leave to amend the complaint and brief in support (docket entry 22). For the reasons stated below, the motion is denied.

### I. PROCEDURAL BACKGROUND

On December 20, 2011, Michele Hart ("Hart") filed a petition against Dallas County Hospital District d/b/a Parkland Health & Hospital System ("Parkland") in the 193rd Judicial District Court of Dallas County. *See* Notice of Removal Exhibit 1 (docket entry 1). In her petition, Hart alleged race and sex discrimination and

retaliation. *Id.* at 7-8. Parkland received service of the petition on January 13, 2012 and filed a timely notice of removal to this court on February 10, 2012. *See* Notice of Removal at 2-3. On March 9, 2012, the court entered a scheduling order that set a deadline of June 11, 2012 for the filing of motions to amend any pleadings. *See* Order Establishing Schedule and Certain Pretrial Requirements ¶ 3(a) (docket entry 8). On September 25, 2012, Hart filed the instant motion.

## II. ANALYSIS

### A. Legal Standards

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). FED. R. CIV. P. 16(b)(4) states that "[a] schedule may be modified only for good cause. . . ." The following factors are relevant to a finding of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." See *Fahim*, 551 F.3d at 348. A party must "give a persuasive reason why the dates originally set by the scheduling order . . . could not reasonably be met despite the diligence of the party seeking the extension." See *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (internal quotations omitted). A party seeking to show good cause cannot rest merely on the absence of prejudice to its opponent but

must offer some reason for its delay in seeking the amendment. See *Price v. United Guaranty Residential Insurance Company*, 2005 WL 265164 at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) ("Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'")

B. Application

Here, the court's scheduling order clearly set a June 11, 2012 deadline for the filing of any motions requesting the amendment of pleadings. *See* Order Establishing Schedule and Certain Pretrial Requirements ¶ 3(a). Hart filed her motion to amend the complaint on September 25, 2012. She must therefore show good cause for her failure to meet the scheduling order's deadline. Hart has offered no reason for her failure to meet the June 11 deadline. *See generally* Plaintiff's Local Rule 15.1 Motion for Leave to Amend the Complaint and Brief in Support ("Motion") (docket entry 22); *see also generally* Plaintiff's Reply to Defendant's Response to motion for Leave to Amend the Complaint and Brief in Support ("Reply") (docket entry 29). Instead she argues that allowing her to amend her pleading at a date prior to the discovery deadline would cause no prejudice to Parkland. *See* Motion at 2; *see also* Reply at 1-2. This is insufficient, though, to make a showing of good cause for the purposes of Rule 16(b). In the absence of any reason (let alone a good reason) for Hart's failure to timely file this motion, the court is unable to find the "good cause" necessary to modify its June 11, 2012 deadline.

III.  CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to amend her complaint is **DENIED**.

**SO ORDERED**.

November 7, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**